FILED
13th JUDICIAL DISTRICT COURT
Cibola County
4/21/2022 4:09 PM
Toinette Garcia
CLERK OF THE COURT
Marlene S Villasana

**STATE OF NEW MEXICO**
**COUNTY OF CIBOLA**
**THIRTEENTH JUDICIAL DISTRICT**

Helen Way and David Way,

     Plaintiffs,

v.                                                                      CASE NO.

                                                                     D-1333-CV-2022-00074
Singh Hardeep and Capitol Truck Lines, Inc.;

     Defendants.

## COMPLAINT FOR NEGLIGENCE

     Plaintiffs, Helen Way and David way, through their attorneys, Franklin D. Azar & Associates, P.C., file the following *Complaint* against Defendants, Singh Hardeep and Capitol Truck Lines, Inc., ("**Capitol**"), and in support, state as follows:

## PARTIES AND JURISDICTION

     1.     Plaintiff Helen Way is a natural person and resident of the State of Colorado.

     2.     Plaintiff David Way is a natural person and resident of the State of Colorado.

     3.     On information and belief, Defendant Hardeep is a resident of the State of California.

     4.     On information and belief, Defendant Capitol is a foreign corporation organized under the laws of the State of California.

     5.     Defendant Capitol's principal place of business is located at 5608 Barbados Avenue, Bakersfield, CA 93313.

     6.     Defendant Capital may be served with service of process through its registered agent, Jagdeep Thind, located at 5608 Barbados Avenue, Bakersfield, CA 93313.

     7.     Jurisdiction and venue are proper in this Court for all of the Defendants.

**EXHIBIT**

**A**

## BACKGROUND AND FACTUAL ALLEGATIONS

8.      On October 26, 2020, about 5:00 p.m. mountain time, was traveling eastbound on Interstate 40 in Cibola County, New Mexico.

9.      Defendant Hardeep rear-ended another vehicle in front of him, which pushed that vehicle into the rear of Plaintiffs' vehicle.

10.     Defendant Hardeep failed to account for traffic in front of him.

11.     Defendant Hardeep was operating a 2019 Volvo commercial truck.

12.     Defendant Hardeep failed to exercise reasonable caution and attention.

13.     Defendant Hardeep failed reasonably to see and account for traffic around him.

14.     Plaintiffs were operating a 2009 Mitsubishi sedan.

15.     Defendant Hardeep was negligent and caused the crash with Plaintiffs.

16.     Defendant Hardeep agrees that he was the cause of the crash.

17.     Defendant Hardeep agrees that he was negligent.

18.     Defendant Hardeep agrees that his actions or omissions injured Plaintiffs.

19.     Defendant Hardeep's careless driving caused the crash.

20.     Defendant Hardeep agrees that he is the sole cause of the crash.

21.     Defendant Hardeep agrees that he is responsible for the injuries that his actions or omissions caused.

22.     Defendant Hardeep agrees that he is responsible for the pain that his actions or omissions caused.

23.     Defendant Hardeep does not blame Plaintiffs for causing the crash.

24.     Defendant Hardeep's negligent conduct on October 26, 2020, injured Plaintiffs.

25.     At the time of the crash, Defendant Hardeep was operating his vehicle in a commercial capacity on behalf of Defendant Capitol.

2

26.     At the time of the crash, Defendant Hardeep was acting within the scope of his employment and authority on behalf of Defendant Capitol.

27.     Plaintiffs did not contribute to the crash.

28.     Plaintiffs were not contributorily negligent.

29.     No third party caused the crash.

30.     No third party contributed to Plaintiffs' injuries.

31.     Defendant Hardeep consciously disregarded the safety of other drivers on the road.

32.     Defendant Hardeep knows that driving safely is a conscious decision.

33.     Defendant Hardeep was driving carelessly.

34.     Defendant Hardeep knows that careless driving exposes other drivers on the road to increased danger.

35.     New Mexico traffic rules and regulations applied to Defendant Hardeep at the time of the crash.

36.     Defendant Hardeep knows that he should always drive safely.

37.     Defendant Hardeep knows that unsafe driving presents a risk to the community, including other drivers on the road.

38.     Defendant Hardeep's unreasonable acts on the occasion in question were in violation of his duty of reasonable care to Plaintiffs.

39.     Defendant Hardeep's unreasonable acts at the time of the crash were in violation of his duty of reasonable care to other drivers on the road.

40.     Defendant Hardeep's unreasonable conduct at the time of the crash was sufficient to cause, and did cause, injuries to Plaitniffs.

41.     No third party caused or contributed to the cause of Plaintiffs' injuries, damages, and losses.

42.     Plaintiffs have not failed to mitigate their damages.

43.     As a direct and reasonably foreseeable result of the injuries, Plaintiffs have sustained multiple injuries, damages, and losses.

44.     As a direct and reasonably foreseeable result of the injuries, Plaintiffs have suffered and will suffer economic damages, non-economic damages, and physical impairment.

45.     As a direct and reasonably foreseeable result of their injuries, Plaintiffs are more vulnerable to subsequent injury.

46.     Defendant Hardeep accepts responsibility for all injuries and damages that he caused to Plaintiffs.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### COUNT I: NEGLIGENCE

47.     Plaintiffs incorporate all prior allegations as though fully set forth herein.

48.     Defendant Hardeep owed Plaintiffs a duty to exercise reasonable care in the operation of his vehicle.

49.     Defendant Hardeep breached his duty to Plaintiffs to exercise reasonable care in the operation of his vehicle.

50.     Defendant Hardeep was negligent and acted carelessly and recklessly in the operation of his vehicle.

51.     The crash was caused by Defendant Hardeep's negligence.

52.     Defendant Hardeep's actions or omissions described above constitute the legal acts or omissions of Defendant Capitol.

53.     As a direct, proximate, and foreseeable result of the negligence of Defendant Hardeep, Plaintiffs suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills, loss of earnings and earning capacity, permanent injury, permanent disfigurement, and permanent impairment in amounts to be determined at the time of trial.

## COUNT II: NEGLIGENCE *PER SE*

54.     Plaintiffs incorporate all prior allegations as though fully set forth herein.

55.     Defendant Hardeep's conduct on the occasion described above violated NM Stat. § 66-8-114, Careless Driving.

56.     This statute was enacted to protect persons, such as Plaintiffs, from harm and injury of the type inflicted upon them.

57.     As such, the conduct of Defendant Hardeep, in violating said statutes and regulations, constitutes negligence *per se*.

58.     Defendant Hardeep's actions or omissions described above constitute the legal acts or omissions of Defendant Capitol.

59.     As a direct, proximate, and foreseeable result of Defendant Hardeep's negligence *per se* on the occasion described above, Plaintiffs suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills, loss of earnings and earning capacity, permanent injury, permanent disfigurement, and permanent impairment in amounts to be determined at the time of trial.

## RELIEF SOUGHT

WHEREFORE, Plaintiff requests relief from this Court as follows:

1.      For damages to be determined by the jury, in an amount to adequately compensate

Plaintiffs for all injuries and damages sustained;

2.      For all general and special damages caused by the conduct of the Defendants;

3.      For the costs of litigating this case; and

4.      For all other relief to which Plaintiff is entitled under New Mexico law.

5.      Plaintiffs hereby demand a trial by jury as to all claims so triable.

Respectfully submitted this 21st day of April, 2022,

Helen Way and David Way,

By: */s/ John V. O'Grady*
John V. O'Grady, Bar ID No. 149214
Franklin D. Azar & Associates, P.C.
14426 East Evans Avenue
Denver, CO 80014
Telephone: 303-757-3300
Facsimile: 303-757-3206
Email: ogradyj@fdazar.com
*Attorneys for Plaintiffs*