UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HELEN WAY and DAVID WAY,

    Plaintiffs,

vs.                                                        Cause No. 1:22-cv-00481-KK-GBW

SINGH HARDEEP and
CAPITOL TRUCK LINES INC.,

    Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR NEGLIGENCE

COME NOW Defendants Hardeep Singh and Capitol Truck Lines Inc. ("Defendants"), by and through their attorneys, Jones, Skelton & Hochuli, P.L.C. (Raúl P. Sedillo and Ashley J. Cook), and for their Answer to Plaintiffs' Complaint for Negligence ("Complaint"), state as follows:

## PARTIES AND JURISDICTION

1. Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. In response to the allegations contained in Paragraph 5 of the Complaint, Defendants admit that Capitol Truck Lines Inc. principal place of business at 3239 Shafter Road, Bakersfield, California 93313. The remaining allegations are hereby denied.

6. The allegations contained in Paragraph 6 of the Complaint constitute legal conclusions and do not state factual assertions to which a response is required. To the extent a

response is required, Defendants are without information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore deny the same.

7. The allegations contained in Paragraph 7 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants assert that this Court has jurisdiction as set forth in the Notice of Removal [Doc. 1].

## BACKGROUND AND FACTUAL ALLEGATIONS

8. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 8 of the Complaint, and therefore, deny the same and demand strict proof thereof.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint and demand strict proof thereof.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint and demand strict proof thereof.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint and demand strict proof thereof.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint and demand strict proof thereof.

14. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 14 of the Complaint, and therefore, deny the same and demand strict proof thereof.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint and demand strict proof thereof.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint and demand strict proof thereof.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint and demand strict proof thereof.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint and demand strict proof thereof.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint and demand strict proof thereof.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint and demand strict proof thereof.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint and demand strict proof thereof.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint and demand strict proof thereof.

23. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 23 of the Complaint, and therefore, deny the same.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint and demand strict proof thereof.

25. In response to the allegations contained in Paragraph 25 of the Complaint, Defendants admit that Defendant Singh was operating a commercial motor vehicle under Defendant Capitol Truck Lines Inc.'s motor carrier authority.

26. In response to the allegations contained in Paragraph 26 of the Complaint, Defendants admit that Defendant Singh was operating a commercial motor vehicle under Defendant Capitol Truck Lines Inc.'s motor carrier authority. The remaining allegations contained therein constitute legal conclusions to which no response is required. To the extent a response is required, Defendants are without information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore deny the same.

27. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 27 of the Complaint, and therefore, deny the same and demand strict proof thereof.

28. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 28 of the Complaint, and therefore, deny the same and demand strict proof thereof.

29. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 29 of the Complaint, and therefore, deny the same and demand strict proof thereof.

30. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 30 of the Complaint, and therefore, deny the same and demand strict proof thereof.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint and demand strict proof thereof.

32. The allegations contained in Paragraph 32 of the Complaint constitute legal conclusions and do not state factual assertions to which a response is required. To the extent a

response is required, Defendants are without information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore deny the same.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint and demand strict proof thereof.

34. The allegations contained in Paragraph 34 of the Complaint constitute legal conclusions and do not state factual assertions to which a response is required. Defendants are without information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore deny the same.

35. The allegations contained in Paragraph 35 of the Complaint constitute legal conclusions and do not state factual assertions to which a response is required. To the extent a response is required, Defendants are without information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore deny the same.

36. The allegations contained in Paragraph 36 of the Complaint constitute legal conclusions and do not state factual assertions to which a response is required. To the extent a response is required, Defendants are without information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore deny the same.

37. The allegations contained in Paragraph 37 of the Complaint constitute legal conclusions and do not state factual assertions to which a response is required. To the extent a response is required, Defendants are without information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore deny the same.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint and demand strict proof thereof.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint and demand strict proof thereof.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint and demand strict proof thereof.

41. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 41 of the Complaint, and therefore, deny the same and demand strict proof thereof.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint and demand strict proof thereof.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint and demand strict proof thereof.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint and demand strict proof thereof.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint and demand strict proof thereof.

46. Defendants deny the allegations contained in Paragraph 45 of the Complaint and demand strict proof thereof.

## **CAUSES OF ACTION AGAINST ALL DEFENDANTS**

### **COUNT I: NEGLIGENCE**

47. Defendants incorporate their answers to all preceding and succeeding paragraphs of the Complaint as if fully set forth herein.

48. The assertions contained in Paragraph 48 of the Complaint are legal conclusions and not factual allegations; therefore, no response is required. To the extent a response is required, Defendants deny the allegations to the extent they are contrary to the applicable law.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint and demand strict proof thereof.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint and demand strict proof thereof.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint and demand strict proof thereof.

52. The assertions contained in Paragraph 52 of the Complaint are legal conclusions and not factual allegations; therefore, no response is required. To the extent a response is required, Defendants deny the allegations to the extent they are contrary to the applicable law.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint and demand strict proof thereof.

## **COUNT II: NEGLIGENCE PER SE**

54. Defendants incorporate their answers to all preceding and succeeding paragraphs of the Complaint as if fully set forth herein.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint and demand strict proof thereof.

56. The assertions contained in Paragraph 56 of the Complaint are legal conclusions and not factual allegations; therefore, no response is required. To the extent a response is required, Defendants deny the allegations to the extent they are contrary to the applicable law.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint and demand strict proof thereof.

58. The assertions contained in Paragraph 58 of the Complaint are legal conclusions and not factual allegations; therefore, no response is required. To the extent a response is required, Defendants deny the allegations to the extent they are contrary to the applicable law.

59. Defendants deny the allegations contained in Paragraph 60 of the Complaint and demand strict proof thereof.

## RELIEF SOUGHT

1. In response to Paragraph 1, Defendants deny that the Plaintiffs are entitled to the requested relief.

2. In response to Paragraph 2, Defendants deny that the Plaintiffs are entitled to the requested relief.

3. In response to Paragraph 3, Defendants deny that the Plaintiffs are entitled to the requested relief.

4. In response to Paragraph 4, Defendants deny that the Plaintiffs are entitled to the requested relief.

5. Paragraph 5 of the Complaint contains only a demand for trial by jury and therefore no response is required.

6. Each and every allegation of the Complaint not specifically admitted or to which Defendants otherwise responded is hereby denied.

## DEFENDANTS' DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by a jury.

## AFFIRMATIVE DEFENSES

A. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

B. The accident at issue in this case was proximately caused by the acts or omissions of other parties, third parties and/or other persons or entities for whom Defendants are not responsible.

C. The injuries and damages claimed by Plaintiffs were proximately caused by independent intervening, supervening, and superseding causes, barring or reducing recovery from Defendants.

D. Plaintiffs were comparatively negligent, which negligence proximately contributed to the damages alleged herein, thereby barring or reducing the recovery as against Defendants.

E. Plaintiffs were negligent in failing and neglecting to exercise that degree of care which would have been used by an ordinary, reasonable and prudent person under the same or similar circumstances, which negligence proximately caused or contributed to cause the injuries as alleged herein.

F. Defendants fulfilled any and all duties of care they may have owed to Plaintiff.

G. Plaintiffs failed to mitigate their damages.

H. As a separate and alternative affirmative defense, Defendants states that the accident and damages contained in the Complaint were a direct and proximate result of an Act of God.

I. To the extent Plaintiffs' allege a claim for punitive damages, such claim is barred by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as Article I, Section 120; Article II, Section 13; and Article II, Section 19, of the New Mexico

9

Constitution. While under the facts of this case any award of punitive damages is not justified, an award of punitive damages will constitute a denial of equal protection, a denial of due process, and/or the imposition of an excessive fine.

J. To the extent Plaintiffs' allege a claim for punitive damages, and because such a claim is intended to punish the Defendants, it requires the Plaintiffs to prove their claims beyond a reasonable doubt or, at a minimum, by clear and convincing evidence, and that a jury be required to vote unanimously in order to return a verdict for punitive damages.

K. Defendants reserve the right to amend or modify their answers and defenses as the litigation progresses.

    Respectfully submitted

    **Electronically Filed**

    JONES, SKELTON & HOCHULI P.L.C.

    */s/ Raúl P. Sedillo*
    Raúl P. Sedillo
    Ashley J. Cook
    100 Sun Avenue NE, Suite 204
    Albuquerque, New Mexico 87109
    Telephone: (505) 339-3500
    Facsimile: (505) 339-3200
    rsedillo@jshfirm.com
    acook@jshfirm.com
    *Attorneys for Defendants*

10737147.1

I HEREBY CERTIFY that on the 5th day of July, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

John V. O'Grady
Franklin D. Azar & Associates, P.C.
14426 East Evans Avenue
Denver, CO 80014
Tel: (303) 757-3300
ogradyj@jdazar.com

*Attorneys for Plaintiffs*

*/s/ Raúl P. Sedillo*
Raúl P. Sedillo